No. 15,168.

BLANCHARD, DOING BUSINESS AS CLYDE W. BLANCHARD JEWELRY COMPANY *v.* GRISWOLD ET AL.

(160 P. [2d] 718)

Decided May 28, 1945.

Mr. HARRY L. SILVERMAN, Mr. WILLIAM O. PERRY, Mr. LENNART ERICKSON, Mr. PHILIP HORNBEIN, for plaintiff in error.

Mr. FRANK McDONOUGH, JR., Mr. GILBERT L. McDONOUGH, Mr. JOHN L. ZANONI, for defendants in error.

Mr. WILBUR F. DENIOUS, Mr. ALBERT S. BARD, Mr. ARTHUR T. VANDERBILT, amici curiae.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

In an action commenced in the district court, Mary Louise Griswold and fifteen other women, members of

sixteen different secret societies, commonly known as sororities, sought an injunction and damages against Clyde W. Blanchard, doing business under the name and style of the Clyde W. Blanchard Jewelry Company, to prevent him from manufacturing, selling and offering for sale sorority jewelry, badges and other distinctive insignia as recognition and pledge pins adopted and used by their several societies. Judgment was entered in favor of defendants in error, and plaintiff in error prosecutes this writ of error.

The parties will be referred to here as that position was occupied by them in the trial court.

The act under which plaintiffs claim to be entitled to injunctive relief was enacted in 1907 and is found in chapter 147, '35 C.S.A.

The title of the act is:

"An act to confer exclusive rights to the use of badges, insignia, and emblems for benevolent and secret societies and orders, and to provide a remedy for the violation of such right, and a penalty for the unlawful use of such badges, emblems and insignia."

The sections upon which plaintiffs rely are:

"§7. Every such benevolent or secret order, society or association adopting or using as aforesaid, any badge, rosette, emblem or insignia, as aforesaid, may proceed by suit for damages and to enjoin the manufacture, use, display, sale or wearing of any counterfeit or imitation of any such badge, rosette, emblem, or insignia, or the wearing or use of any genuine badge, rosette, emblem or insignia by any person not entitled so to wear or use the same, and all courts of competent jurisdiction shall grant injunction to restrain such manufacture, use, display, sale or wearing, and award the complainant in any such suit, damages resulting therefrom, such as may be by said court deemed just and reasonable, and such court may also order any such counterfeits or imitations in possession or under the control of any defend-

ant in such case, to be delivered to an officer of the court, to be destroyed."

"§8. In all cases where such society or such benevolent or secret order, society or association is not incorporated, suits under sections 3 to 12 of this chapter may be commenced and prosecuted by any officer or member of such association, order, or society, on behalf of and for the use of such association, order or society."

The amended complaint contains sixteen separate causes of action, each pertaining to a different plaintiff, and a different sorority, and in all other respects the causes of action are identical. One sorority became merged or consolidated with one of the other represented plaintiffs, and the action as to that sorority was dismissed. Each sorority is named as an unincorporated secret order or society, followed by the following allegation: "That no person or persons not a member of said organization may lawfully purchase, wear, use, manufacture, sell, offer to sell or display for sale any badge, emblem or insignia of said society, *except as provided by the rules, regulations and laws of said organization.*" (Italics ours)

Then follows an allegation in which defendant is charged with wilfully, and without authority of the organization, and contrary to the law and statute hereinabove quoted, "sold, offered for sale, manufactured, displayed and advertised for sale copies, counterfeits and imitations of the official badge, emblem and insignia of said society;" followed by an allegation of damages and prayer for an injunction.

The motion to dismiss because of insufficient facts, was denied, whereupon defendant answered, admitting that each of the sororities is unincorporated; that defendant is engaged in the business of manufacturing and selling badges and other insignia adopted and used by the several sororities, and denies the other allegations contained in the amended complaint.

Defendant, for a further answer and defense, alleged that the badges and other insignia used by the named sororities were not protected by patent, copyright or trademark and had been manufactured, displayed and sold by him, as well as other manufacturers, jewelers and tradesmen upon the order and for the exclusive use of members and chapters of the several sororities without protest and that the badges and other sorority insignia so manufactured and sold by defendant were not copies, counterfeits or imitations of the badges and insignia of plaintiff sororities, but were in all respects genuine and manufactured in strict accordance with prescribed specifications.

At the conclusion of the pre-trial conference, the parties were ordered to prepare suggested findings of fact, and this was done. Defendant, in his specification of points, included these prepared findings of fact, but they do not appear in the record because defendant asserts in his brief that "the court refused this request."

Defendant offered evidence in support of his answer and defenses, and these offers were refused.

■ ■ The gist of the action, as we view it, is found in paragraph 2 of the amended complaint, and, because of the importance we attach to this allegation, we again quote it: "That no person or persons not a member of said organization may lawfully purchase, wear, use, manufacture, sell, offer to sell or display for sale any badge, emblem or insignia of said society, *except as provided by the rules, regulations and laws of said organization.*" (Italics ours)

As we interpret and construe the quoted paragraph of the amended complaint, we conclude that there are rules, regulations and laws of each of the sororities under which one other than a member may manufacture and sell the badges, emblems and insignia of each of the sororities; otherwise these articles could only be manufactured and sold by either a member of or the particular sorority. This limitation upon the manufac-

ture and sale of these particular articles might be, perhaps, lawfully exercised by the sorority but "except as provided by the rules, regulations and laws of said organization" definitely contemplates that there are rules, regulations and laws of each sorority with which one may comply and not in anywise interfere with any exclusive right of the sorority. What these rules, regulations and laws of the several sororities are, is not disclosed by the record, either for our information and guidance or for the use of defendant. True it is that these rules, regulations and laws were submitted to the trial court for its examination and consideration, but defendant was not afforded this opportunity. It is said that these rules, regulations and laws are esoteric, and, consequently cannot be disclosed. However, if these several sororities elect to seek injunctive relief from a court of equity based upon evidence esoteric in nature to such an extent that no one except the trial court may have knowledge thereof and base judgment thereon, it will introduce into the trial of equity cases a rather novel procedure and one of which we cannot approve.

There is nothing in the record and nothing brought to our attention, and certainly nothing in the statute, which precludes one legally entitled to the badges or insignia of any of the sororities or any of the chapters thereof from ordering and purchasing their badges and other insignia from any manufacturer who desires to make them.

If each of the sororities has adopted rules, regulations and laws with reference to the manufacture and sale of their badges and other insignia, and the defendant has fully complied therewith, then the statute cannot be invoked for the purpose of preventing him engaging in this business. What these rules, regulations and laws are, and whether defendant has fully complied therewith, are matters upon which we have no information. It is not sufficient that these rules, regulations and laws were submitted to the trial judge for his exclusive use

in an examination and consideration thereof for the purpose of determining whether an injunction should issue. No judgment based on such evidence can be permitted to stand. Until such time as it is definitely established by competent evidence that the acts of defendant in connection with the manufacture and sale of the badges and insignia of these several sororities is in violation of the statute or the rules, regulations and laws thereof, equity can afford no relief. Until such time as it is shown that some right which the sorority wishes to exercise has been invaded, it cannot invoke the aid of the statute.

The judgment of the trial court, as we have said, was based on evidence which was not preserved in the bill of exceptions and was known only to the trial judge. The defendant was not permitted to know what this evidence was, and, consequently, had no way of meeting it. Findings of fact based upon such evidence cannot be considered by this court, and a judgment entered on such evidence carries no presumption of correctness.

Defendant takes the position that the manufacture and sale of badges and other insignia adopted by the several sororities is not a "use" thereof and the statute in question is unconstitutional because manufacture and sale is not expressed or included in the title of the act. Our conclusion, reached as above, is such as to make a determination of these interesting questions unnecessary, and upon them we express no opinion.

The judgment is accordingly reversed and further proceedings, if any, herein must be in accordance herewith.